

Search for Cases by: Select Search Method... ▼

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print      GrantedPublicAccess  Logoff MOLLIEGMOHAN

**1911-CC00341 - ASHLEY DRACKERT V FORT ZUMWALT R-II SCHOOL ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**          Sort Date Entries: ⦿          Display Options:
Click here to Respond to Selected Documents          Descending
                                                      ○ Ascending          All Entries ▼

---

04/04/2019    ☐  **Summons Issued-Circuit**
              Document ID: 19-SMCC-608, for GEORGE, TOMMY. SUMMONS SAVED AND ATTACHED IN PDF
              FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. TMV

              ☐  **Summons Issued-Circuit**
              Document ID: 19-SMCC-607, for POWERS, ERICA. SUMMONS SAVED AND ATTACHED IN PDF
              FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. TMV

              ☐  **Summons Issued-Circuit**
              Document ID: 19-SMCC-606, for MOORE, CRAIG. SUMMONS SAVED AND ATTACHED IN PDF
              FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. TMV

              ☐  **Summons Issued-Circuit**
              Document ID: 19-SMCC-605, for CALLAHAN, JOHN. SUMMONS SAVED AND ATTACHED IN PDF
              FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. TMV

              ☐  **Summons Issued-Circuit**
              Document ID: 19-SMCC-604, for GRASSER, SCOTT. SUMMONS SAVED AND ATTACHED IN PDF
              FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. TMV

              ☐  **Summons Issued-Circuit**
              Document ID: 19-SMCC-603, for MACCORMACK, MIKE. SUMMONS SAVED AND ATTACHED IN
              PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. TMV

              ☐  **Summons Issued-Circuit**
              Document ID: 19-SMCC-602, for SWARINGIM, MIKE. SUMMONS SAVED AND ATTACHED IN PDF
              FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. TMV

              ☐  **Summons Issued-Circuit**
              Document ID: 19-SMCC-601, for BOARD OF EDUCATION OF FORT ZUMWALT SCHOOL DISTRICT
              COUNTY OF. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE
              FROM SECURE CASE.NET. TMV

              ☐  **Summons Issued-Circuit**
              Document ID: 19-SMCC-600, for FORT ZUMWALT R-II SCHOOL DISTRICT. SUMMONS SAVED AND
              ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. TMV

04/02/2019    ☐  **Filing Info Sheet eFiling**
                  **Filed By:** KEVIN JAMES KASPER

              ☐  **Pet Filed in Circuit Ct**
                  Petition.
                      **On Behalf Of:** ASHLEY DRACKERT

              ☐  **Judge Assigned**

**EXHIBIT A**

Case: 4:19-cv-01185-JCH   Doc. #: 1-1   Filed: 05/03/19   Page: 2 of 31 PageID #: 7

Case.net: 19SL-CC00317 - Docket Entries

Return to Top of Page

Released 04/12/2019



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TED HOUSE | Case Number:  1911-CC00341 |
| Plaintiff/Petitioner:<br>ASHLEY DRACKERT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN JAMES KASPER<br>3930 OLD HWY 94 SOUTH, STE 108<br>SAINT CHARLES, MO  63304 |
| Defendant/Respondent:<br> FORT ZUMWALT R-II SCHOOL DISTRICT | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  FORT ZUMWALT R-II SCHOOL DISTRICT
            Alias:

**555 E TERRA LN**
**O'FALLON, MO 63366**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____4/4/2019_____      _____/S/  Cheryl Crowder_____
                    Date                                              Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
        Printed Name of Sheriff or Server                          Signature of Sheriff or Server
        **Must be sworn before a notary public if not served by an authorized officer:**

                Subscribed and sworn to before me on _____ (date).

*(Seal)*

                My commission expires: _____          _____
                                              Date                                    Notary Public

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

EXHIBIT A



## IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TED HOUSE | **Case Number:  1911-CC00341** |
| Plaintiff/Petitioner:<br>ASHLEY DRACKERT<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN JAMES KASPER<br>3930 OLD HWY 94 SOUTH, STE 108<br>SAINT CHARLES, MO  63304 |
| Defendant/Respondent:<br>FORT ZUMWALT R-II SCHOOL DISTRICT | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | <div align="right">(Date File Stamp)</div> |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:**  BOARD OF EDUCATION OF FORT ZUMWALT SCHOOL DISTRICT COUNTY OF<br>Alias: | |

**555 E TERRA LN**
**O'FALLON, MO 63366**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____4/4/2019_____     _____/S/  Cheryl Crowder_____
Date                                                                                    Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
Date                                          Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TED HOUSE | Case Number:  1911-CC00341 |
| Plaintiff/Petitioner:<br>ASHLEY DRACKERT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN JAMES KASPER<br>3930 OLD HWY 94 SOUTH, STE 108<br>SAINT CHARLES, MO  63304 |
| Defendant/Respondent:<br> FORT ZUMWALT R-II SCHOOL DISTRICT | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  MIKE SWARINGIM
      Alias:

**555 E TERRA LN**
**O'FALLON, MO 63366**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____4/4/2019_____      _____/S/  Cheryl Crowder_____
            Date                                                                        Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
       Printed Name of Sheriff or Server                                         Signature of Sheriff or Server
                    **Must be sworn before a notary public if not served by an authorized officer:**

                    Subscribed and sworn to before me on _____ (date).

*(Seal)*

                    My commission expires: _____      _____
                                                              Date                                                 Notary Public

| | | |
|---|---|---|
| **Sheriff's Fees, if applicable** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TED HOUSE | **Case Number:  1911-CC00341** |
| Plaintiff/Petitioner:<br>ASHLEY DRACKERT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN JAMES KASPER<br>3930 OLD HWY 94 SOUTH, STE 108<br>SAINT CHARLES, MO  63304 |
| Defendant/Respondent:<br> FORT ZUMWALT R-II SCHOOL DISTRICT | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

| |
|---|
| The State of Missouri to:  MIKE MACCORMACK<br>   **Alias:** |

**555 E TERRA LN**
**O'FALLON, MO 63366**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____4/4/2019_____     _____/S/  Cheryl Crowder_____
Date                                                                         Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                       Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
Date                                                             Notary Public

| | | |
|---|---|---|
| **Sheriff's Fees, if applicable** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TED HOUSE | **Case Number:  1911-CC00341** |
| Plaintiff/Petitioner:<br>ASHLEY DRACKERT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN JAMES KASPER<br>3930 OLD HWY 94 SOUTH, STE 108<br>SAINT CHARLES, MO  63304 |
| Defendant/Respondent:<br> FORT ZUMWALT R-II SCHOOL DISTRICT | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

| |
|---|
| The State of Missouri to:  SCOTT GRASSER<br>             **Alias:** |

**555 E TERRA LN**
**O'FALLON, MO 63366**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____4/4/2019_____   _____/S/ Cheryl Crowder_____
                    Date                                                             Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
            Printed Name of Sheriff or Server                                Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*                Subscribed and sworn to before me on _____ (date).

                       My commission expires: _____          _____
                                                                    Date                                    Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



## IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TED HOUSE | **Case Number:  1911-CC00341** |
| Plaintiff/Petitioner:<br>ASHLEY DRACKERT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN JAMES KASPER<br>3930 OLD HWY 94 SOUTH, STE 108<br>SAINT CHARLES, MO  63304 |
| Defendant/Respondent:<br> FORT ZUMWALT R-II SCHOOL DISTRICT | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  JOHN CALLAHAN
   Alias:

**555 E TERRA LN**
**O'FALLON, MO 63366**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____4/4/2019_____          _____/S/ Cheryl Crowder_____
             Date                                                                        Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
       Printed Name of Sheriff or Server                                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                                Date                                                     Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TED HOUSE | **Case Number:  1911-CC00341** |
| Plaintiff/Petitioner:<br>ASHLEY DRACKERT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN JAMES KASPER<br>3930 OLD HWY 94 SOUTH, STE 108<br>SAINT CHARLES, MO  63304 |
| Defendant/Respondent:<br> FORT ZUMWALT R-II SCHOOL DISTRICT | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** CRAIG MOORE
                                     **Alias:**

**555 E TERRA LN**
**O'FALLON, MO 63366**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____4/4/2019_____       _____/S/  Cheryl Crowder_____
                    Date                                                         Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____       _____
        Printed Name of Sheriff or Server                                    Signature of Sheriff or Server
                     **Must be sworn before a notary public if not served by an authorized officer:**

                                     Subscribed and sworn to before me on _____ (date).

        *(Seal)*

                                     My commission expires: _____       _____
                                                                              Date                                             Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TED HOUSE | **Case Number:  1911-CC00341** |
| Plaintiff/Petitioner:<br>ASHLEY DRACKERT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN JAMES KASPER<br>3930 OLD HWY 94 SOUTH, STE 108<br>SAINT CHARLES, MO  63304 |
| Defendant/Respondent:<br>FORT ZUMWALT R-II SCHOOL DISTRICT | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  **ERICA POWERS**
        **Alias:**

**555 E TERRA LN**
**O'FALLON, MO 63366**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____4/4/2019_____  _____/S/  Cheryl Crowder_____
     Date                    Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____  _____
   Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

     Subscribed and sworn to before me on _____ (date).

*(Seal)*

     My commission expires: _____  _____
              Date              Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TED HOUSE | **Case Number:  1911-CC00341** |
| Plaintiff/Petitioner:<br>ASHLEY DRACKERT<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN JAMES KASPER<br>3930 OLD HWY 94 SOUTH, STE 108<br>SAINT CHARLES, MO  63304 |
| Defendant/Respondent:<br> FORT ZUMWALT R-II SCHOOL DISTRICT | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | <div align="right">(Date File Stamp)</div> |

## Summons in Civil Case

The State of Missouri to: **TOMMY GEORGE JR**
**Alias:**

**555 E TERRA LN**
**O'FALLON, MO 63366**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____4/4/2019_____          _____/S/ Cheryl Crowder_____
Date                                                                                         Clerk

Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                                Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
Date                                                                Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**1911-CC00341**

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

**IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY, MISSOURI**
**CIRCUIT JUDGE DIVISION**

| | |
|---|---|
| ASHLEY DRACKERT, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| FORT ZUMWALT R-II SCHOOL DISTRICT, | )   Case No.: |
| | ) |
| BOARD OF EDUCATION OF | ) |
| FORT ZUMWALT SCHOOL DISTRICT, | )   Division: |
| COUNTY OF ST. CHARLES, STATE OF MISSOURI, | ) |
| | ) |
| MIKE SWARINGIM, Board President, | ) |
| | ) |
| MIKE MACCORMACK, Board Vice President, | ) |
| | ) DEMAND FOR A JURY TRIAL |
| SCOTT GRASSER, Board Member, | ) |
| | ) |
| JOHN CALLAHAN, Board Member, | ) |
| | ) |
| CRAIG MOORE, Board Member, | ) |
| | ) |
| ERICA POWERS, Board Member, | ) |
| | ) |
| TOMMY GEORGE, JR., Board member, | ) |
| | ) |
|    Defendants. | ) |

## PETITION
### FOR VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT, THE AMERICAN'S WITH DISABILITIES ACT, THE FAMILY MEDICAL LEAVE ACT, FOR JUDICIAL REVIEW, FOR BREACH OF CONTRACT, AND FOR VIOLATIONS OF PLAINTIFF'S RIGHT TO DUE PROCESS

COMES NOW Plaintiff Ashley Drackert, by and through her undersigned attorney, and for her Petition, states the following:

### NATURE OF THE ACTION

1.      Count I of this Petition is authorized and instituted under the Missouri Human Rights Act (MHRA), Chapter 213 of the Missouri Revised Statutes; Count II of this Petition is authorized and

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

instituted under Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §

12101, et seq., Count III of this Petition is authorized and instituted under the Family And Medical

Leave Act, 29 U.S.C. § 2615 & 2617 ("FMLA"); Count IV of this Petition is brought for judicial

review pursuant to Sections 168.120 and 536.100 R.S.Mo.; Count V of this Petition is brought for

Breach of Contract under Missouri law; Count VI of this Petition is authorized and instituted under

42 U.S.C. Section 1983 for defendants' violations of Plaintiffs' procedural due process rights

under the Fifth and Fourteen Amendments to the U.S. Constitution.

## **THE PARTIES**

2.   Plaintiff, Ashley Drackert is an individual who is and was at all times herein after

mentioned, a resident of the State of Missouri.

3.   Defendant Fort Zumwalt R-Ii School District (hereinafter "District") is a school district

located in Saint Charles County, Missouri, organized and existing under, and by virtue of, the laws

of the State of Missouri.

4.   Defendant Board of Education of Fort Zumwalt School District, County of St. Charles,

State of Missouri (hereinafter "Board") is a board of education organized and existing under, and

by virtue of, the laws of the State of Missouri

5.   Defendant Mike Swaringim is an individual who is and was at all times herein after

mentioned, a resident of the State of Missouri, and the Board President for the Board.

6.   Defendant Mike MacCormack is an individual who is and was at all times herein after

mentioned, a resident of the State of Missouri, and the Board Vice President for the Board.

7.   Defendant Scott Grasser is an individual who is and was at all times herein after

mentioned, a resident of the State of Missouri, and Member of the Board.

**EXHIBIT A**

8.   Defendant John Callahan is an individual who is and was at all times herein after mentioned, a resident of the State of Missouri, and Member of the Board.

9.   Defendant Craig Moore is an individual who is and was at all times herein after mentioned, a resident of the State of Missouri, and Member of the Board.

10.   Defendant Erica Powers is an individual who is and was at all times herein after mentioned, a resident of the State of Missouri, and Member of the Board.

11.   Defendant Tommy George, Jr. is an individual who is and was at all times herein after mentioned, a resident of the State of Missouri, and Member of the Board.

## VENUE AND JURISDICTION

12.   Personal jurisdiction and venue are proper because the events described in this Petition occurred in Saint Charles County, Missouri.

13.   Jurisdiction is proper pursuant to the Missouri Human Rights Act, § 213.010 RSMo., et seq. (MHRA) and §536.140 RSMo.

## FACTS COMMON TO ALL COUNTS

14.   Plaintiff holds a certificate of a license to teach in the State of Missouri.

15.   Plaintiff became employed by the Board in 2014.

16.   Plaintiff and has worked in the district at the Mount Hope Elementary School from 2014 through 2016 as a third-grade teacher and from 2016 through the present as an instructional coach.

17.   Plaintiff has a medical condition which impairs major life functions including working.

18.   The district has known about Plaintiff's condition for the duration of her employment.

3

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

19.    Plaintiff's condition requires that she take occasional and intermittent leave to seek medical treatment and to recover from her condition.

20.    The district has approved Plaintiff medical leaves on numerous occasions.

21.    Plaintiff required surgery on October 26, 2018 for her condition.

22.    The district had approved Plaintiff's leave through November 9, 2018, prior to her taking off.

23.    Plaintiff's physician provided the District information regarding Plaintiff's condition and that she needed to be off work during the relevant period.

24.    On November 2, 2018, Dr. Jackie Floyd, the Assistant Superintendent of Personnel for the District, called Plaintiff with harassing accusations whereby Floyd accused Plaintiff of engaging in FMLA fraud.

25.    Floyd used a loud, unprofessional and harassing tone during this telephone conversation.

26.    Plaintiff's mother overheard the conversation and was concerned that it would affect Plaintiff's recovery.

27.    Dr. Floyd ordered Plaintiff not to speak with any of her coworkers.

28.    Floyd's prohibition on Plaintiff's speaking with her coworkers deprived her of a large portion of her support network.

29.    The district disclosed issues related to Plaintiff's condition to Plaintiff's coworkers;

30.    The District prohibited Plaintiff from entering onto district property.

31.    Floyd instructed Plaintiff to meet with her, the District Superintedent Dr. Bernard DuBray, and the Principal of Mount Hope Elementary Dr. Tania Farran on November 8, 2018.

32.    At the November 8, 2018 meeting, Dr. Floyd and Dr. DuBray continued their harassing conduct and told Plaintiff that she had three options, to wit:

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

1) Plaintiff needed to release her medical history from every doctor and every emergency room; or

2) Plaintiff needed to submit her resignation; or

3) they would submit charges to the school board seeking Plaintiff's termination.

33.   Dr. DuBray also implied that they would get Plaintiff's medical records whether she signed the release or not.

34.   Dubray and Floyd implied that if they brought forth charges then Plaintiff would never teach again.

35.   Plaintiff requested a written statement from them identifying exactly what she was being charged with, however, they refused to provide Plaintiff with a written statement of their accusations.

36.   Dr. DuBray wrote in an email to Plaintiff:

"You did not receive a letter of charges because we have not filed any charges with the Board. That may come later if we cannot arrive at an agreed upon separation. In the mean time you need to decide if a resignation is a possibility. We can meet and discuss what that might look like. If not we will request a release to talk to all your doctors and obtain medical records. If you are unwilling to do that we are prepared to file charges and obtain the records. At that time you will receive an official Statement of Charges. Take care."

37.   They suspended Plaintiff and refused to pay her extra pay that she received for her work as a science club co-sponsor.

38.   The district discussed plaintiff's medical condition with her coworkers without her consent.

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

39.   Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights on November 12, 2018 alleging the district engaged in discrimination and retaliation against her because of her disability, refused to accommodate her disability and engaged in violations of the Family Medical Leave Act.

40.   The district further discriminated and retaliated against Plaintiff after she filed the charge of discrimination.

41.   The board voted on March 19, 2019 not to renew Plaintiff's contract for next year.

42.   Tenured contracts, such as those between Plaintiff and the Board, automatically renew.

43.   Neither Missouri Law nor the District's own policies allow the Board to unilaterally vote to not to renew a tenured contract.

44.   Dr. Floyd sent Plaintiff a letter dated March 19, 2019 whereby she stated:

"At the meeting of the Board of Education on March 18, 2019, the Board voted, in executive session, to not renew your contract as a probationary teacher for the 2019-2020 school year."

45.   Dr. Floyd had not referred to plaintiff's position with the Board as a "probationary teacher" until after she filed her charge of discriminations.

46.   Dr. Floyd had previously determined that Plaintiff qualified as a tenured teacher under State law and district policies.

47.   The defendants and Dr. Floyd pretended and represented that Plaintiff was no longer a tenured teacher, despite their prior acknowledgments, to further violate the rights of the Plaintiff and to serve their own unlawful purpose in that the contracts for non-tenured teachers do not automatically renew and if Plaintiff was not a tenured teacher, they would not need to file charges against her and hold a hearing prior to deciding not to renewing her contract.

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

48.   The Board and District did not follow their own policies and applicable statutes regarding the suspension and non-renewal of tenured faculty.

49.   Tenured contracts automatically renew, and the district cannot unilaterally elect not to renew them.

### COUNT I – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT

50.   Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

51.   This Petition is brought pursuant to the Missouri Human Rights Act (MHRA), Chapter 213 of the Missouri Revised Statutes.

52.   At all relevant times herein, the Defendants were an employer as defined by the MHRA.

53.   Plaintiff is a member of the class of people intended to be protected by the Missouri Human Rights Act, including, section 213.010, *et seq.*

54.   Plaintiff is disabled as defined under the MHRA.

55.   The Plaintiff's disabilities inhibit major life activities including working.

56.   Defendant regarded plaintiff as being disabled.

57.   Defendants subjected Plaintiff to a hostile work environment due to her disability or perceived disability, requests for reasonable accommodations and complaints regarding the harassment and discrimination.

### COUNT II -- VIOLATIONS UNDER TITLE I OF THE AMERICANS WITH DISABILITIES ACT  OF 1990 – 42 U.S.C. 12101

58.   Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

7

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

59.   Plaintiff is disabled as defined under the Americans with Disabilities Act of 1990.

60.   The Plaintiff's disabilities inhibit major life activities including working.

61.   The Plaintiff is a member of the class of people intended to be protected by the Americans with Disabilities Act of 1990, as amended.

62.   At all relevant times herein, the Defendant was an employer as defined by the Americans with Disabilities Act of 1990, as amended.

63.   Defendant regarded plaintiff as being disabled.

64.   Defendant intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 12101, *et seq*., of Title I of the Americans with Disabilities Act of 1990, as amended, by practices including but not limited to the following:

    a.   Refusing to grant Plaintiff adequate medical leave;

    b.   Requiring Plaintiff to release information regarding her condition not necessary to grant her accommodations and medical leave;

    c.   Requiring Plaintiff release her medical file;

    d.   Pressuring Plaintiff to resign;

    e.   Disclosing issues related to Plaintiff's condition to Plaintiff's coworkers;

    f.   Prohibiting Plaintiff from entering onto school property;

    g.   Prohibiting Plaintiff from speaking with her coworkers;

    h.   Suspending Plaintiff;

    i.   Classifying Plaintiff as a "probationary teacher";

    j.   Voting to not renew Plaintiff's contract.

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

65.   Defendants subjected Plaintiff to a hostile work environment due to her disability or perceived disability, requests for reasonable accommodations and complaints regarding the harassment and discrimination.

66.   As a direct and proximate result of these unlawful employment practices, Plaintiff has suffered losses of wages, benefits, experience, and career advancement, incurred attorney fees and also have suffered mental anguish and humiliation.

67.   Because of these damages, Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.*

68.   Defendant acted with malice and reckless indifference to the rights of Plaintiff.


WHEREFORE, Plaintiff Ashley Drackert prays this honorable court enter Judgment against the Defendants and in favor of the Plaintiff, to award the Plaintiff actual damages in the amount determined at trial but in excess of $25,000.00, for nominal damages in the event no actual damages are found, for back pay, front pay, for lost benefits, for punitive damages, liquidated damages, for interest, for her costs and attorney's fees, for damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, for interest on all amounts, and for such other and further relief as the Court deems just and proper.


## COUNT III – VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

69.   Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

70.   This Count is authorized and instituted under the Family and Medical Leave Act, 29 U.S.C. § 2615 & 2617 ("FMLA").

71.   Defendant intentionally engaged in unlawful employment practices in violation of FMLA, including interfering with the Plaintiff's exercise of her rights under the FMLA, and in retaliation for her exercising her rights under the FMLA, by practices including but not limited to the following:

    a.   Refusing to grant Plaintiff adequate medical leave;

    b.   Requiring Plaintiff to release information regarding her condition not necessary to grant her accommodations and medical leave;

    c.   Requiring Plaintiff release her medical file;

    d.   Pressuring Plaintiff to resign;

    e.   Disclosing issues related to Plaintiff's condition to Plaintiff's coworkers;

    f.   Prohibiting Plaintiff from entering onto school property;

    g.   Prohibiting Plaintiff from speaking with her coworkers;

    h.   Suspending Plaintiff;

    i.   Classifying Plaintiff as a "probationary teacher";

    j.   Voting to not renew Plaintiff's contract.

72.   Defendants subjected Plaintiff to a hostile work environment due to her requests for medical leave, complaints regarding the harassment and violations of her rights under the FMLA.

73.   Defendant acted with malice and reckless indifference to the rights of Plaintiff.

    WHEREFORE, Plaintiff Ashley Drackert prays this honorable court enter Judgment against the Defendants and in favor of the Plaintiff, to award the Plaintiff actual damages in the

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

amount determined at trial but in excess of $25,000.00, for nominal damages in the event no actual damages are found, for back pay, front pay, for lost benefits, for punitive damages, liquidated damages, for interest, for her costs and attorney's fees, for damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, for interest on all amounts, and for such other and further relief as the Court deems just and proper.

## COUNT IV– JUDICIAL REVIEW

74.   Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

75.   This count is brought pursuant to Sections 168.120 and 536.100.

76.   Defendant Board of Education of Fort Zumwalt School District, County of St. Charles, State of Missouri (hereinafter referred to as the "Board") is a Board of Education as defined Section 168.104 R.S.Mo. for the Fort Zumwalt School District

77.   Sections 168.102 to 168.130 shall be known and may be cited as the "Teacher Tenure Act". Section 168.102 R.S.Mo.

78.   Plaintiff has had a valid teaching certificate with the State of Missouri.

79.   Plaintiff worked in positions regularly required to be certified under laws relating to the certification of teachers at St. Margaret of Scotland School in Saint Louis, Missouri from 2012 to 2014.

80.   Plaintiff has worked for the Fort Zumwalt School District in a position regularly required to be certified under laws relating to the certification of teachers from 2014 to the present (April 2019).

EXHIBIT A

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

81.   Section 168.104 R.S.Mo. defines "Teacher" as "any employee of a school district, except a metropolitan school district, regularly required to be certified under laws relating to the certification of teachers, except superintendents and assistant superintendents but including certified teachers who teach at the prekindergarten level in a nonmetropolitan public school within a prekindergarten program in which no fees are charged to parents or guardians."

82.   Section 168.104 R.S.Mo. defines "Probationary teacher", any teacher as herein defined who has been employed in the same school district for five successive years or less.  In the case of any probationary teacher who has been employed in any other school system as a teacher for two or more years, the board of education shall waive one year of his probationary period;

83.   Section 168.104 R.S.Mo. defines "Permanent teacher" any teacher who has been employed or who is hereafter employed as a teacher in the same school district for five successive years and who has continued or who thereafter continues to be employed as a teacher by the school district or any supervisor of teachers who was employed as a teacher in the same school district for at least five successive years prior to becoming a supervisor of teachers and who continues thereafter to be employed as a certificated employee by the school district; except that, when a permanent teacher resigns or is permanently separated from employment by a school district, and is afterwards reemployed by the same school district, reemployment for the first school year does not constitute an indefinite contract but if he is employed for the succeeding year, the employment constitutes an indefinite contract; and except that any teacher employed under a part-time contract by a school district shall accrue credit toward permanent status on a prorated basis.  Any permanent teacher who is promoted with his consent to a supervisory position including principal or assistant principal, or is first employed by a district in a supervisory position including principal or assistant principal, shall not have permanent status in such position but shall retain tenure in the

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

position previously held within the district, or, after serving two years as principal or assistant principal, shall have tenure as a permanent teacher of that system

84.    Plaintiff is a "Teacher" as defined by Section 168.104 R.S.Mo.

85.    Plaintiff is a "Permanent teacher" as defined by Section 168.104 R.S.Mo.

86.    The District's Policy *GCG - Professional Staff Probation and Tenure* defines "*Permanent or Tenured Teacher"* as "A teacher who meets the definition of a "permanent" teacher in the Missouri Teacher Tenure Act, including "Teachers who have been employed in any other school system as a teacher for two (2) or more years, who have been employed as a teacher in the district for four (4) successive years and who continue to be employed by the school district."

87.    The Districts Rule *GCG - Professional Staff Probation and Tenure d*efines "*Teacher"* as "Any employee of a school district, regularly required to be certified under laws relating to the certification of teachers, except superintendents, assistant superintendents and any other persons regularly performing supervisory functions as their primary duty, but including certified teachers who teach at the pre-kindergarten level."

88.   On or about September 24, 2018, Plaintiff Ashley Drackert and the Board entered into an agreement titled "TEACHER'S EMPLOYMENT CONTRACT (Tenure Contract)" (hereinafter referred to as "Contract").   See Ex. 2 attached hereto and incorporated by reference.

89.   The Contract is an "Indefinite contract" as defined by Section 168.104 R.S.Mo.

90.   The Contract specifies:

"It is hereby agreed by and between **ASHLEY L. DRACKERT** the teacher (hereinafter referred to as the "Teacher"), and the Board of Education of Fort Zumwalt School District,

13

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

County of St. Charles, State of Missouri (hereinafter referred to as the "Board"), the employer, that the Teacher, beginning on the **8th of August, 2018,** shall serve in the employ of the Board and its successors for a term of **184 days,** for an annual compensation of **$49,910.00** to be paid to the Teacher in twenty-four (24) equal installments, according to Board policies and regulations, less the contributions required by law and those authorized by the Teacher.

It is further agreed by the parties hereto that this contract shall continue in force from year to year, until modified or terminated in accordance with the provisions of the Teacher Tenure Act, and any amendments thereto prior to the date of this contract or any annual renewal thereof.

As a condition to employment by the Board, the teacher agrees to obtain prior to the first day of service hereunder and to have at all times during the term of this contract a valid certificate of license to teach in the public schools of the State of Missouri.

The policies and regulations of the Board are hereby incorporated by reference into this Agreement as if fully set out herein and both the Teacher and Board agree to be bound by them."   See Ex. 2 attached hereto and incorporated by reference.

91.     Section 168.106 R.S.Mo.   "Indefinite contract, what affects" states:

"The contract between a school district and a permanent teacher shall be known as an indefinite contract and shall continue in effect for an indefinite period, subject only to:

(1)  Compulsory or optional retirement when the teacher reaches the age of retirement provided by law, or regulation established by the local board of education;

14

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

(2) Modification by a succeeding indefinite contract or contracts in the manner hereinafter provided;

(3)  The death of the teacher;

(4)  Resignation of the teacher with the written consent of the school board;

(5)  Termination by the board of education after a hearing as hereinafter provided; and

(6)  The revocation of the teacher's certificate."

92.   None of the exceptions to an indefinite contract period specified in Section 168.106 R.S.Mo.   apply to Plaintiff Drackert.

93.   Section 168.110 specifies that the board of education may only modify an indefinite contract for two reasons, to wit:

(1)  Determination of the date of beginning and length of the next school year;

(2)  Fixing the amount of annual compensation for the following school year as provided by the salary schedule adopted by the board of education applicable to all teachers.  The modifications shall be effective at the beginning of the next school year.  All teachers affected by the modification shall be furnished written copies of the modifications within thirty days after their adoption by the board of education.

94.   Neither of the reasons for modification of indefinite contracts outlined Section 168.110 apply to the Board's unilateral modification of Plaintiff contract by determining to not renew it.

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

95.   Section 168.112 R.S.Mo. "Modification or termination, how" states "An indefinite contract between a permanent teacher and a board of education may be terminated or modified at any time by the mutual consent of the parties thereto.  Any teacher who desires to terminate his contract at the end of a school term shall give written notice of his intention to do so and the reasons therefor not later than June first of the year in which the term ends."

96.   Plaintiff has never agreed to modify the contract.

97.   On or about March 18, 2019, the Board unilaterally voted to "not renew" Plaintiff's contract for the 2019-2020 school year. See Ex. 2 attached hereto and incorporated by reference.

98.   The Board failed to follow the provisions of the Teacher Tenure Act when it unilaterally voted to not renew her contract.

99.   Section 168.120 "Appeal by teacher, procedure" states "The teacher shall have the right to appeal from the decision of the board of education to the circuit court of the county where the employing school district is located . . . Such appeal shall be heard as provided in chapter 536."

## COUNT V – BREACH OF CONTRACT

100.   Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

101.   On or about September 24, 2018, Plaintiff Ashley Drackert and the Board entered into an agreement titled "TEACHER'S EMPLOYMENT CONTRACT (Tenure Contract)" (hereinafter referred to as "Contract").   See Ex. 2 attached hereto and incorporated by reference.

EXHIBIT A

102.    The Contract is an "Indefinite contract" as defined by Section 168.104 R.S.Mo.

103.    The Contract specifies:

"It is hereby agreed by and between **ASHLEY L. DRACKERT** the teacher (hereinafter referred to as the "Teacher"), and the Board of Education of Fort Zumwalt School District, County of St. Charles, State of Missouri (hereinafter referred to as the "Board"), the employer, that the Teacher, beginning on the **8th of August, 2018,** shall serve in the employ of the Board and its successors for a term of **184 days,** for an annual compensation of **$49,910.00** to be paid to the Teacher in twenty-four (24) equal installments, according to Board policies and regulations, less the contributions required by law and those authorized by the Teacher.

It is further agreed by the parties hereto that this contract shall continue in force from year to year, until modified or terminated in accordance with the provisions of the Teacher Tenure Act, and any amendments thereto prior to the date of this contract or any annual renewal thereof.

As a condition to employment by the Board, the teacher agrees to obtain prior to the first day of service hereunder and to have at all times during the term of this contract a valid certificate of license to teach in the public schools of the State of Missouri.

The policies and regulations of the Board are hereby incorporated by reference into this Agreement as if fully set out herein and both the Teacher and Board agree to be bound by them."

See Ex. 2 attached hereto and incorporated by reference.

104.   Defendants breached the contract by failing to conform to the terms of the agreement by:

17

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

    a.  Failing to treat the contract as continuing in force from year to year;

    b.  Failing to modify or terminate it in accordance with the provisions of the Teacher Tenure Act;

    c.  Failing to follow the policies and regulations of the board in voting to not renew the contract;

105.    Plaintiff performed all of her conditions of the contract.

106.    Plaintiff has been damaged as a result of Defendants' breach of the contract and has sustained and will continue to suffer lost wages and other benefits of employment, diminished employment opportunities, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of reputation.

WHEREFORE, Plaintiff prays the court enter judgment in her favor against the defendants in an amount to be determined at trial in excess of $25,000.00, for her costs incurred herein and for such other and further relief as the court deems just and proper.

## COUNT VI – VIOLATION OF DUE PROCESS RIGHTS

107.    Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

108.    This count is brought pursuant to 42 U.S.C. Section 1983 for defendants' violations of Plaintiffs procedural due process rights under the Fifth and Fourteen Amendments to the U.S. Constitution.

109.    Defendants' violated Plaintiff's right to procedural due process by:

    a.  failing to give plaintiff proper notice that it would reclassify her status from tenured and permanent teacher to "probationary teacher";

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

b.  failing to give plaintiff a hearing prior to reclassifying her as a "probationary teacher";

c.  failing to give plaintiff proper notice that it would vote to not renew her contract;

d.  failing to give plaintiff a hearing prior to voting to not renew her contract;

e.  failing to give plaintiff a right to present evidence prior to the boards vote to not renew the contract with Plaintiff;

f.  failing to give plaintiff an unbiased tribunal;

g.  failing to give plaintiff a right to cross examine witnesses;

h.  failing to give plaintiff a decision based on the evidence presented;

i.  failing to give plaintiff a written notice of the reasons it reclassified her as a "probationary teacher";

j.  failing to give plaintiff written notice of the reasons it voted to not renew her contract.

110.   Plaintiff had a property interest in her continued employment with the district and Board as a permanent and tenured teacher.

111.   Defendants' conduct as set forth herein was so outrageous that it shocks the conscience, was arbitrary and capricious, were truly irrational, offended the judicial notions of fairness and was otherwise offensive to human dignity.

112.   Plaintiff has been damaged as a result of Defendants' breach of the contract and has sustained and will continue to suffer lost wages and other benefits of employment, diminished employment opportunities, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of reputation.

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - April 02, 2019 - 06:10 PM

113.   Defendants' actions as set forth herein were wanton, willful, and showed a reckless indifference to Plaintiff's constitutional rights as set forth above, justifying an award of punitive damages and attorneys' fees.


## DEMAND FOR A JURY TRIAL

Plaintiff, through counsel, respectfully requests a trial by jury on all issues.


Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: */s/ Kevin J. Kasper* _____
Kevin J. Kasper, #52171MO
Ryan P. Schellert, #56710MO
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*

**EXHIBIT A**