IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ASHLEY DRACKERT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  4:19-cv-01185-JCH |
| | ) | |
| vs. | ) | |
| | ) | |
| FORT ZUMWALT R-II | ) | |
| SCHOOL DISTRICT, et al. | ) | |
| | ) | |

## ANSWER

COMES NOW Defendants, the Fort Zumwalt R-II School District, Board of Education of Fort Zumwalt R-II School District, Mike Swaringim, Mike MacCormack, Scott Grasser, John Callahan, Craig Moore, Erica Powers, and Tommy George, Jr. (hereinafter collectively "Defendants") by and through counsel, and for their Answer to Plaintiff's Petition, state as follows:

## NATURE OF THE ACTION

1.      Paragraph 1 asserts a legal conclusion to which no response is required.  To the extent further response if deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 1.

## THE PARTIES

2.      Defendants admit the allegations of fact contained in Paragraph 2.

3.      Paragraph 3 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants admit that Fort Zumwalt R-II is a school district located in Saint Charles County, Missouri.  Except as so expressly admitted, Defendants deny all other allegations of fact and conclusions of law in Paragraph 3.

4.      Defendants admit the allegations of fact contained in Paragraph 4.

5.      Defendants admit the allegations of fact contained in Paragraph 5.

6.      Defendants admit the allegations of fact contained in Paragraph 6.  By way of additional answer, Defendant Mike MacCormack is a general member of the Board of Education as of April, 2019.

7.      Defendants admit the allegations of fact contained in Paragraph 7.  By way of additional answer, Defendant Scott Grasser is no longer a Board of Education member as of April, 2019.

8.      Defendants admit the allegations of fact contained in Paragraph 8.

9.      Defendants admit the allegations of fact contained in Paragraph 9.

10.     Defendants admit the allegations of fact contained in Paragraph 10.

11.     Defendants admit the allegations of fact contained in Paragraph 11.

## VENUE AND JURISDICTION

12.     Paragraph 12 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 12.

13.     Paragraph 13 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 13.

## FACTS COMMON TO ALL COUNTS

14.     Defendants admit the allegations of facts contained in Paragraph 14.

15.     Defendants admit the allegations of fact contained in Paragraph 15.

16.     Defendants admit the allegations of fact contained in Paragraph 16.

17.     Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 17, and therefore denies same.

18.     Defendants deny the allegations of fact contained in Paragraph 18.

19.     Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 19, and therefore denies same.

20.     Defendants admit the District has, at certain times, approved Plaintiff's requested medical leave.  Except as so expressly admitted, Defendants deny all other allegations of fact in Paragraph 20.

21.     Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 21, and therefore denies same.

22.     Defendants deny the allegations of fact contained in Paragraph 22.

23.     Defendants deny the allegations of fact contained in Paragraph 23.

24.     Defendants deny the allegations of fact contained in Paragraph 24.

25.     Defendants deny the allegations of fact contained in Paragraph 25.

26.     Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 26, and therefore deny same.

27.     Defendants deny the allegations of fact contained in Paragraph 27.

28.     Defendants deny the allegations of fact contained in Paragraph 28.

29.     Defendants deny the allegations of fact contained in Paragraph 29.

30.     Defendants deny the allegations of fact contained in Paragraph 30.

31.     Defendants admit only so much in that a meeting took place with Plaintiff, Dr. Bernard DuBray, Dr. Jackie Floyd, and Dr. Tania Farran on November 8, 2018.  Except as so expressly admitted, Defendants deny all other allegations of fact in Paragraph 31.

32.     Defendants deny the allegations of fact contained in Paragraph 32, including its subparts.

33.     Defendants deny the allegations of fact contained in Paragraph 33.

34.     Defendants deny the allegations of fact contained in Paragraph 34.

35.     Defendants deny the allegations of fact contained in Paragraph 35.

36.     Plaintiff fails to attach to Plaintiff's Petition a copy of the referenced email correspondence.  Accordingly, Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 36, and therefore deny same.

37.     Defendants deny the allegations of fact contained in Paragraph 37.

38.     Defendants deny the allegations of fact contained in Paragraph 38.

39.     Defendants admit Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights.  Except as so expressly admitted, Defendants deny all other allegations of fact and conclusions of law Paragraph 39.

40.     Defendants deny the allegations of fact and conclusions of law contained in Paragraph 40.

41.     Defendants deny the allegations of fact and conclusion of law contained in Paragraph 41.

42.     Defendants deny the allegations of fact and conclusion of law contained in Paragraph 42.

43.     Paragraph 43 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 43.

44. Plaintiff fails to attach to Plaintiff's Petition a copy of the letter referenced in Paragraph 44. Accordingly, Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 44, and therefore deny same.

45. Defendants deny the allegations of fact contained in Paragraph 45.

46. Defendants deny the allegations of fact and conclusions of law contained in Paragraph 46.

47. Defendants deny the allegations of fact and conclusions of law contained in Paragraph 47.

48. Defendants deny the allegations of fact and conclusions of law contained in Paragraph 48.

49. Paragraph 49 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 49.

## COUNT I – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT

50. Defendants incorporate by reference, as if fully set forth herein, their responses to Paragraphs 1 through 49.

51. Paragraph 51 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 51.

52. Paragraph 52 asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 52.

53.     Paragraph 53 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 53.

54.     Paragraph 54 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 54.

55.     Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 55, and therefore deny same.

56.     Defendants deny the allegations of fact contained in Paragraph 56.

57.     Defendants deny the allegations of fact and conclusions of law contained in Paragraph 57.

### COUNT II – VIOLATIONS UNDER TITLE I OF THE
### AMERICANS WITH DISABILITYS ACT OF 1990 – 42 U.S.C. § 12101

58.     Defendants incorporate by reference, as if fully set forth herein, their responses to Paragraphs 1 through 57.

59.      Paragraph 59 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 59.

60.     Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 60, and therefore deny same.

61.     Paragraph 61 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 61.

62.     Paragraph 62 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 62.

63.     Paragraph 63 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 63.

64.     Defendants deny the allegations of fact and conclusions of law contained in Paragraph 64, including its subparts.

65.     Defendants deny the allegations of fact and conclusions of law contained in Paragraph 65.

66.     Defendants deny the allegations of fact and conclusions of law contained in Paragraph 66.

67.     Defendants deny the allegations of fact and conclusions of law contained in Paragraph 67.

68.     Defendants deny the allegations of fact and conclusions of law contained in Paragraph 68.

Defendants deny the allegations of fact and conclusions of law contained in the WHEREFORE clause of Count II of Plaintiff's Petition.  Defendants further deny that Plaintiff is entitled to any relief sought in the WHEREFORE clause of Plaintiff's Petition.  Thus, Defendants respectfully request that this Court dismiss Count II of Plaintiff's Petition.

## COUNT III – VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

69.     Defendants incorporate by reference, as if fully set forth herein, their responses to Paragraphs 1 through 68.

70.     Paragraph 70 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 70.

71.     Defendants deny the allegations of fact and conclusions of law contained in Paragraph 71, including its subparts.

72.     Defendants deny the allegations of fact and conclusions of law contained in Paragraph 72.

73.     Defendants deny the allegations of fact contained in Paragraph 73.

Defendants deny the allegations of fact and conclusions of law contained in the WHEREFORE clause of Count III of Plaintiff's Petition.  Defendants further deny that Plaintiff is entitled to any relief sought in the WHEREFORE clause of Plaintiff's Petition.  Thus, Defendants respectfully request that this Court dismiss Count III of Plaintiff's Petition.

## COUNT IV – JUDICIAL REVIEW

74.     Defendants incorporate by reference, as if fully set forth herein, their responses to Paragraphs 1 through 73.

75.     Paragraph 75 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 75.  By way of additional answer, Section 168.120, RSMo., is only applicable to permanent teachers in Missouri, and, as a result, such section does not apply to Plaintiff or this matter.

76.     Paragraph 76 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 76.

77.     The statute referenced in Paragraph 77 speaks for itself.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 77.

78.     Defendants admit the allegations of fact contained in Paragraph 78.

79.     Defendants deny the allegations of fact and conclusions of law contained in Paragraph 79.

80.     Defendants deny the allegations of fact and conclusions of law contained in Paragraph 80.

81.     The statute referenced in Paragraph 81 speaks for itself.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 81.

82.     The statute referenced in Paragraph 82 speaks for itself.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 82.

83.     The statute referenced in Paragraph 83 speaks for itself.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 83.

84.     Paragraph 84 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 84.

85.     Paragraph 85 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 85.

86.     The District's Board of Education Policy GCG speaks for itself.  Except as so expressly admitted, Defendants deny the allegations in Paragraph 86.  By way of further answer, Defendants deny that the referenced section of Policy GCG applies to Plaintiff.

87.     The District's Rule GCG speaks for itself.  Except as so expressly admitted, Defendants deny the allegations in Paragraph 87.

88.     Plaintiff fails to attach the "Exhibit 2" referenced in Paragraph 88 of Plaintiff's Petition.  Accordingly, Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 88, and therefore deny same.

89.      Paragraph 89 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 89.

90.     Plaintiff fails to attach the "Exhibit 2" referenced in Paragraph 90 of Plaintiff's Petition.  Accordingly, Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 90, and therefore deny same.

91.     The statute referenced in Paragraph 91 speaks for itself.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 91, including its subparts.

92.     Paragraph 92 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 92.

93.      The statute referenced in Paragraph 93 speaks for itself.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 93, including its subparts.

94.     Paragraph 94 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 94.

95.     The statute referenced in Paragraph 95 speaks for itself.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 95.

96.     Defendants deny the allegations of fact and conclusions of law contained in Paragraph 96.

97.     Plaintiff fails to attach the "Exhibit 2" referenced in Paragraph 97 of Plaintiff's Petition.  Accordingly, Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 97, and therefore deny same.

98.     Paragraph 98 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 98.

99.     The statute referenced in Paragraph 99 speaks for itself.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 99.

## COUNT V – BREACH OF CONTRACT

100.     Defendants incorporate by reference, as if fully set forth herein, their responses to Paragraphs 1 through 99.

101.     Plaintiff fails to attach the "Exhibit 2" referenced in Paragraph 101 of Plaintiff's Petition.  Accordingly, Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 101, and therefore deny same.

102.    Paragraph 102 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 102.

103.    Plaintiff fails to attach the "Exhibit 2" referenced in Paragraph 103 of Plaintiff's Petition.  Accordingly, Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 103, and therefore deny same.

104.    Defendants deny the allegations of fact and conclusions of law contained in Paragraph 104, including its subparts.

105.    Defendants deny the allegations of fact contained in Paragraph 105.

106.    Defendants deny the allegations of fact and conclusions of law contained in Paragraph 106.

Defendants deny the allegations of fact and conclusions of law contained in the WHEREFORE clause of Count V of Plaintiff's Petition.  Defendants further deny that Plaintiff is entitled to any relief sought in the WHEREFORE clause of Plaintiff's Petition.  Thus, Defendants respectfully request that this Court dismiss Count V of Plaintiff's Petition.

## COUNT VI – VIOLATION OF DUE PROCESS RIGHTS

107.    Defendants incorporate by reference, as if fully set forth herein, their responses to Paragraphs 1 through 106.

108.    Paragraph 108 asserts a legal conclusion to which no response is required.  To the extent further response is deemed necessary, Defendants deny the allegations of fact and conclusions of law contained in Paragraph 108.

109.    Defendants deny the allegations of fact and conclusions of law contained in Paragraph 109, including its subparts.

110.    Defendants deny the allegations of fact and conclusions of law contained in Paragraph 110.

111.    Defendants deny the allegations of fact and conclusions of law contained in Paragraph 111.

112.    Defendants deny the allegations of fact and conclusions of law contained in Paragraph 112.

113.    Defendants deny the allegations of fact and conclusions of law contained in Paragraph 113.

## ADDITIONAL ANSWERS AND AFFIRMATIVE DEFENSES

1.    Defendants deny each and every allegation of fact and/or conclusion of law that is not expressly and specifically admitted herein.

2.    Plaintiff's claims are barred in that Defendants acted in good faith and with the belief that they were acting in a manner that did not violate established principles of law of which it was or should have been aware.

3.    Plaintiff's claims are barred in that her allegations, even if true, do not constitute discrimination and/or retaliation within the meaning of the Missouri Human Rights Act.

4.    Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity in that the District is a public governmental body.

5.    Some or all of Plaintiff's claims are barred by the doctrine of official immunity as they relate to the District's employees, officers, or agents.

6.    Some or all of Plaintiff's claims are barred by the doctrine of consent, laches, waiver, and/or estoppel.

7.      Plaintiff's claims are barred because she has failed to mitigate her damages, if any.  In particular, Plaintiff failed to exhaust all internal processes, procedures, and remedies with regard to her claim of discrimination and retaliation.

8.      While Defendants expressly deny that any of their employees, officers, or agents acted in any manner that would constitute a violation of law, any such violation occurred outside the scope of employment or agency and without the consent of the Fort Zumwalt R-II School District.

9.      Plaintiff's claims are barred due to a lack of personal jurisdiction, insufficient process, and insufficient service of process.

10.     To the extent Plaintiff's claims differ from or exceed the scope of Plaintiff's charges of discrimination filed with the MCHR and/or the Equal Employment Opportunity Commission, they fail to state a claim upon which relief may be granted and the Court lacks jurisdiction over such claims.

11.     Defendants' conduct was not outrageous, intentional, willful, or motivated by evil or reckless indifference or conscious disregard for Plaintiff's rights, such as would justify an award of punitive damages against the District.

12.     Plaintiff's claims for punitive damages are barred by law.

13.     Some or all of Plaintiff's claims may be barred due to her failure to exhaust administrative remedies.

14.     Plaintiff's claims are barred due to her failure to comply with all conditions precedent and failure to fulfill all jurisdictional prerequisites.

15.     Defendants incorporate each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery in this case.

WHEREFORE, Defendants respectfully request that this Court dismiss all claims against Defendants with prejudice, that the Court award Defendants their costs incurred in defending this matter, and for such further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED

**TUETH KEENEY COOPER MOHAN & JACKSTADT, P.C.**

By: /s/ Celynda L. Brasher
Celynda L. Brasher #38243MO
Kylie S. Piatt, #64163MO
34 N. Meramec, Suite 600
St. Louis, Missouri 63105
Telephone:  (314) 880-3600
Facsimile:   (314) 880-3601
Email: cbrasher@tuethkeeney.com
        kpiatt@tuethkeeney.com

*ATTORNEYS FOR DEFENDANTS FORT ZUMWALT R-II SCHOOL DISTRICT, BOARD OF EDUCATION OF FORT ZUMWALT R-II SCHOOL DISTRICT, MIKE SWARINGIM, MIKE MACCORMACK, SCOTT GRASSER, JOHN CALLAHAN, CRAIG MOORE, ERICA POWERS, AND TOMMY GEORGE, JR.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was sent via the Court's electronic filing system and via electronic mail on this 10th day of May 2019, upon the following:

KASPER LAW FIRM
Kevin J. Kasper
Ryan P. Schellert
3930 Old Hwy 94 South – Suite 108
St. Charles, Missouri 63304
Ph. (636) 922-7100
Fax: (866) 303-2874
KevinKasper@KasperLawFirm.net
RyanSchellert@KaspwerLawFirm.net

*Attorneys for Plaintiff*

  /s/ Celynda L. Brasher